STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff Michael Sanz

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANZ;<br><br>Plaintiff,<br><br>v.<br><br><br>CITY OF VALLEJO, et al.<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force);<br>2. Battery<br>3. Negligence<br>4. Bane Act Violation<br><br><br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF VALLEJO; VALLEJO POLICE OFFICERS ("DEFENDANTS"); AND DOES 1-25.for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1. Plaintiff Michael Sanz, was at all times relevant to this complaint, living in the City of Pittsburg, which is located within the Eastern District of California.

2. Defendant CITY OF VALLEJO, is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California, and is a municipality located within the Eastern District of California.

3. Defendant Officer Mark Thompson, is a police officer employed by the City of Vallejo, and he was employed as police officer for the City of Vallejo at the time of the incident in question. This Defendant is being sued in his individual capacity.

4. Defendant Officer Jason Bauer, is a police officer employed by the City of Vallejo, and he was employed as police officer for the City of Vallejo at the time of the incident in question. This Defendant is being sued in his individual capacity.

5. Defendant Officer Wagner, is a police officer employed by the City of Vallejo, and he was employed as police officer for the City of Vallejo at the time of the incident in question. This Defendant is being sued in his individual capacity.

6. Defendant DOES 1-25 were employed by the City of Vallejo as police officers, at the time of the incident in question. These Defendants are being sued in their individual capacities.

7. All defendants acted under the color of law as it pertains to this complaint.

2

## II. JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Vallejo California, which is located within this district.

## III. STATEMENT OF FACTS

10. On September 21, 2018, the Plaintiff was driving in the City of Vallejo in a stolen vehicle and was subsequently pursued by Vallejo Police officers.

11. While being pursued by Vallejo Police officers, the Plaintiff subsequently got out of the stolen car, fled on foot and hid in some bushes.

12. The Defendants with the help of a police K-9 looked for the Plaintiff and eventually the K-9, who was on a long leash of approximately 25 feet, located the Plaintiff hiding and began biting his leg, causing the Plaintiff to scream out in severe pain.

13. While the Plaintiff was laying on the ground, writhing in pain, no longer evading the police and being bitten by the K-9, the Defendants surrounded the Plaintiff, struck him several times and allowed the K-9 to continue to bite the Plaintiff for approximately two minutes.

14. The Defendants then dragged the Plaintiff to the street and beat him in order to get him to tell them his name until he lost consciousness.

15. As a result of the long duration of the dog bite, the Plaintiff was taken to the hospital and was diagnosed has having severe puncture wounds and a tibula fracture as well as head injuries and pain in his back and shoulders from his subsequent beating.

3

16. The Plaintiff filed a tort claim form alleging negligence, battery, and other related state claims against the City of Vallejo on March 20, 2019. The claim was ultimately rejected by operation of law effective May 15, 2019.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 Excessive Force)**

17. Plaintiff incorporates herein by reference to the preceding paragraphs of this complaint as fully set forth herein.

18. That Defendant Officer Thompson acting under color of law, used unreasonable and excessive force on September 21, 2018, by deliberately and intentionally allowing his K-9 to repeatedly bite the Plaintiff for a period of several minutes, after he was already laying down on the ground, no longer evading or resisting the police and was physically surrounded by multiple police officers. At the time that the Plaintiff was repeatedly bit by the K-9, the (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) defendant Thompson knew, or should have known, that the Plaintiff could suffer severe damages from a dog bite to his leg lasting several minutes, and (v) other alternative methods were available to effectuate a seizure.

***Integral Participants***

19. Defendants Bauer and Wagner, acting under color of law also used unreasonable and excessive force against the Plaintiff's person as *Integral Participants*, regarding the use of unreasonable force by Defendant Thompson when both of these defendants held the Plaintiff down on the ground and struck the Plaintiff while Defendant Thompson had his K-9 repeatedly bite the Plaintiff's leg after the Plaintiff was already physically restrained.

20. Such actions were in conscious and reckless disregard of the risk of injury to the Plaintiff and under the circumstances there was no objectively reasonable basis for the use of such force.

21. That Defendants Bauer and Wagner Thompson acting under color of law, used unreasonable and excessive force on September 21, 2018, by deliberately and intentionally issuing multiple strikes to the Plaintiff's body for a period of several minutes, after he was already laying down on the ground, no longer evading or resisting police officers and was physically surrounded by multiple police officers, and being repeatedly bit by the K-9 operated by Defendant Thompson. The (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) defendant Thompson knew, or should have known, that the Plaintiff could suffer severe damages from a dog bite to his leg lasting several minutes, and (v) other alternative methods were available to effectuate a seizure.

## STATE CAUSES OF ACTION

### Plaintiff v. All Defendants (*Battery*)

22. Defendant Officer Thompson committed a battery upon the Plaintiff's person, when he commanded his K-9 to attack and allowed the K-9 to continue to bite the Plaintiff after the Plaintiff had already surrendered and was surrounded by officers.

23. That Defendant Officer Thompson used unreasonable and excessive force on September 21, 2018, by deliberately and intentionally allowing this K-9 to repeatedly bite the Plaintiff for a period of several minutes, after he was already laying down on the ground, no longer evading or resisting officers, and was physically surrounded by multiple police officers. At the time that the Plaintiff was repeatedly bit by the K-9, the (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) defendant Thompson knew, or should have known, that the Plaintiff could suffer severe damages from a dog bite to his leg lasting several minutes, and (v) other alternative methods were available to effectuate a seizure.

### *Aided and Abetted*

24. Defendants Bauer and Wagner, also used unreasonable and excessive force against the Plaintiff's person by and aiding and abetting Defendant Thompson's conduct, when both of these defendants held the Plaintiff down on the ground and struck the Plaintiff while Defendant Thompson had his K-9 repeatedly bite the Plaintiff's leg after the Plaintiff was already physically restrained.

25. Such actions were in conscious and reckless disregard of the risk of injury to the Plaintiff and under the circumstances there was no objectively reasonable basis for the use of such force.

26. That Defendants Bauer and Wagner committed a battery against the Plaintiff by way of using unreasonable and excessive force on September 21, 2018, by deliberately and intentionally issuing multiple strikes to the Plaintiff's body for a period of several minutes, after he was already laying down on the ground, no longer evading or resisting officers and was physically surrounded by multiple police officers, and being repeatedly bit by the K-9 operated by Defendant Thompson, the (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) defendant Thompson knew, or should have known, that the Plaintiff could suffer severe damages from a dog bite to his leg lasting several minutes, and (v) other alternative methods were available to effectuate a seizure.

27. Defendants are liable for all injuries caused by their acts, causing the Plaintiff to suffer an unlawful battery to the same extent as a private person pursuant to California Government Code Section 820(a).

28. Defendants as public employees are not exonerated or immune from liability for the act of committing a battery upon the Plaintiff's person pursuant to California Government Code Section 820.8.

**Plaintiff v. Defendant City of Vallejo (State Battery Claim)**

29. Because Defendants were acting as agents, servants, and or employees of Defendant City of Vallejo at the time of the incident, and because Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Vallejo, Vallejo is liable to the Plaintiff for battery pursuant to California Government Code §815.2.

7

**Plaintiff v. Defendant Officer  (Negligence)**

30. By virtue of the foregoing, Defendant Officers owed Plaintiff a duty of due care not to cause the Plaintiff physical harm in their attempt to apprehend him, and that this duty was breached by the Defendants' negligence and failure to exercise due care.

31. That this duty was breached by the Defendant Thompson's negligence when he allowed the K-9 to continually bite the Plaintiff's leg for several minutes after the Plaintiff was laying on the ground, had surrendered and was surrounded by police officers.

32. That this duty was breached by Defendants Bauer and Wagner acts of negligence when they struck the Plaintiff multiple times after the Plaintiff was already laying on the ground, was surrounded by other police officers and was being continually bit by a police K-9.

33. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

34. Defendants are liable for all injuries caused by their acts, causing the Plaintiff to suffer harm based on their negligence to the same extent as a private person pursuant to California Government Code Section 820(a).

35. Defendants as public employees are not exonerated or immune from liability for negligence, causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

### Plaintiff v. Defendant City of Vallejo (State Negligence Claim)

36. Because Defendants were acting as agents, servants, and or employees of Defendant City of Vallejo at the time of the incident, and because Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Vallejo, Vallejo is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

### Plaintiff v. Defendant Officer Travis (52.1. Civil Rights Violation)

37. Based on the foregoing facts stated in the complaint, all of the Defendants interfered with the Plaintiff's Fourth amendment right to be free from the unlawful seizure of his person through the exercise of excessive force, causing his injuries.

38. That upon observing the Defendants interfering with his right to be free from unreasonable force, the Plaintiff reasonably believed that if he exercised his right to be free from the unlawful use of excessive force upon his person, that the Defendants would commit violence against him.

39. That the Defendants injured the Plaintiff to prevent him from exercising these rights.

40. That the Plaintiff was harmed because he suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on him by Defendants; and

41. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: October 7, 2019

/s/ STANLEY GOFF
STANLEY GOFF
Attorney for Plaintiff