UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VALLEJO, MARK THOMPSON, JASON BAUER, BRETTON WAGONER, and DOES 1–25,<br><br>　　　　　Defendants. | No. 2:19-cv-02134-TLN-DB<br><br><br>**ORDER** |

This matter is before the Court pursuant to Defendants City of Vallejo, Mark Thompson ("Officer Thompson"), Jason Bauer ("Officer Bauer"), and Bretton Wagoner's ("Officer Wagoner") (collectively, "Defendants") Motion to Dismiss. (ECF No. 5.) Plaintiff Michael Sanz ("Plaintiff") opposes Defendants' motion. (ECF No. 7.) Defendants have filed a reply. (ECF No. 10.) For the reasons set forth herein, Defendants' Motion to Dismiss is hereby DENIED. (ECF No. 5.)

///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an arrest following a police chase where Plaintiff alleges unreasonable and excessive force was used by Defendants. (*See* ECF No. 4.) On September 21, 2018, Plaintiff was driving a stolen car in the City of Vallejo while being pursued by Vallejo police officers. (*Id*. at ¶ 10.) Plaintiff eventually left the car and fled on foot, hiding in some bushes. (*Id.* at ¶ 11.) Defendants used a police K-9 to locate Plaintiff's hiding place. (*Id.* at ¶ 12.) The K-9 began biting Plaintiff's leg, causing him to scream out in severe pain. (*Id.*) Plaintiff alleges Defendants "struck him several times while he "was laying on the ground, writhing in pain, [and] no longer evading the police" and the K-9 "continue[d] to bite [him] for approximately two minutes." (*Id.* at ¶ 13.) Plaintiff further alleges Defendants subsequently "dragged . . . Plaintiff to the street and beat him in order to get him to tell them his name until he lost consciousness." (*Id.* at ¶ 14.) Plaintiff was taken to the hospital and diagnosed with "severe puncture wounds and a tib[i]a fracture" as a result of the K-9 bite, as well as "head injuries and pain in his back and shoulders from his subsequent beating." (*Id.* at ¶ 15.)

On October 22, 2019, Plaintiff initiated this action against Defendants, asserting various state and federal claims arising from the arrest. (ECF No. 1.) On November 8, 2019, Plaintiff filed the operative First Amended Complaint ("FAC"). (ECF No. 4.) On January 21, 2020, Defendants moved to dismiss Plaintiff's FAC in its entirety pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 5 at 1.) On March 19, 2020, Plaintiff filed an opposition (ECF No. 7), and on March 26, 2020, Defendants filed a reply (ECF No. 10).

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on

liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

///

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

### III. ANALYSIS

Plaintiff asserts four claims: (1) violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) battery; (3) negligence; and (4) violation of California Civil Code § 52.1 (the "Bane Act"). (*See* ECF No. 4.) Defendants move to dismiss all claims for failure to state a claim upon which relief may be granted. (*See* ECF No. 5.) The Court will first address Defendants' Request for Judicial Notice (ECF No. 5-2) and then evaluate Plaintiff's claims.

#### A. Defendants' Request for Judicial Notice

As a preliminary matter, Defendants request the Court to take judicial notice of Exhibits A and B. (ECF No. 5-2.) Exhibit A is "a true and correct copy of the body-worn camera footage captured by Officer Mark Thompson depicting the search and apprehension of [Plaintiff] by Officer Thompson and K-9 Clyde." (ECF No. 5-1 at 2; ECF No. 5-2.) Exhibit B is "a true and correct copy of the body-worn camera footage captured by Officer Nickolas Sloan depicting the end of the vehicular pursuit of [Plaintiff] by Officer Nickolas Sloan and Officer Dynelle Jones." (ECF No. 5-1 at 2; ECF No. 5-2.)

Defendants argue "the body camera footage shows Plaintiff was actively physically resisting during [the time the police dog found him hiding and bit him] up through the point of being handcuffed" for the entire period force was being used. (ECF No. 5 at 10.) Defendants therefore assert Plaintiff's allegations "that officers dragged Plaintiff to the street and beat him in order to tell them his name is implausible and unbelievable." (*Id.* at 4.) Defendants note that Plaintiff has not challenged the authenticity of the video. (ECF No. 10 at 2.) In opposition,

Plaintiff asserts Defendants are attempting to judicially notice "the contents of the video to purportedly show that [they] did not employ excessive force," which is inappropriate at this stage. (ECF No. 7 at 3.)

Judicial notice allows a court to consider an adjudicative fact "if it is not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Generally, a court "may not consider any material beyond the pleadings in a ruling on a 12(b)(6) motion." *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 768 (C.D. Cal. 2012) (citing *Lee v. City of Los Angeles (Lee I)*, 250 F.3d 668, 688 (9th Cir. 2001)). There are two notable exceptions to this rule. *Id.* First, "a court may take judicial notice of "matters of public record." *Id.* Second, "a court may take judicial notice of material which is either submitted as a part of the complaint or necessarily relied upon by the complaint." *Snyder*, 913 F. Supp. 2d at 768; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" and applies "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims.").

Here, while the body camera footage may be considered public record appropriate for judicial notice, the substance of the video is subject to varying interpretations. *See Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-SMB, 2019 WL 699170, at *3 (D. Ariz. Feb. 20, 2019) (considering video from officers' body-cameras as a matter of public record to the extent it is not disputed); *see also Lihosit v. Flam*, No. CV-15-01224-PHX-NVW, 2016 WL 2865870 at *4 (D. Ariz. May 17, 2016) (considering police body-worn camera "only to the extent that it [was] unambiguous and not subject to multiple inferences"). The contents of the video are shaky and dark, depicting only partial and unclear clips of the actual arrest. Further, the video cuts out right after the K-9 is removed from Plaintiff, which does not address Plaintiff's allegations regarding what transpired as he was taken into custody. As such, taking judicial notice of the contents of the video at this stage would be inappropriate because there is a reasonable dispute as to what the video establishes. *See Khoja*, 899 F.3d at 1000; *see also Brown v. City of San Diego*, No. 3:17-

CV-00600-H-WVG, 2017 WL 3993955, at *2 (S.D. Cal. Sept. 11, 2017) (finding that a factual dispute as to what was shown on police body-worn camera video precluded it from being considered on a Rule 12(c) motion).

The Court further declines to incorporate by reference Exhibits A and B because Plaintiff does not refer to the video footage extensively in the FAC nor does the video footage form the basis of Plaintiff's claims. (*See* ECF No. 4); *see also Khoja*, 899 F.3d at 1002; *Covert v. City of San Diego*, No. 15-CV-2097 AJB (WVG), 2017 WL 1094020, at *5 (S.D. Cal. Mar. 23, 2017) (considering body-worn camera videos on a Rule 12(b)(6) motion because they were "incorporated into the FAC by reference and . . . partially form[ed] the basis of plaintiff's complaint"); *Lee v. City of San Diego (Lee II)*, No. 18cv0159 W (BLM), 2019 WL 117775, at *4–5 (S.D. Cal. Jan. 7, 2019) (declining to consider police body camera video on a Rule 12(c) motion under the incorporation-by-reference doctrine where the plaintiff's first amended complaint did not refer to videos and plaintiff's claims were not based on the videos).

Accordingly, Defendants' Request for Judicial Notice of Exhibits A and B (ECF No. 5-2) is DENIED.

B. Claims One, Two, and Three

In Claim One, Plaintiff alleges a § 1983 claim based on the officers' alleged use of unreasonable and excessive force in violation of his Fourth Amendment rights. More specifically, Plaintiff alleges Officer Thompson "deliberately and intentionally allow[ed] his K-9 to repeatedly bite . . . Plaintiff for a period of several minutes" and Officers Bauer and Wagoner "deliberately and intentionally issu[ed] multiple strikes to . . . Plaintiff's body for a period of several minutes." (*See* ECF No. 4 at ¶¶ 18–21.) Plaintiff alleges both of these acts occurred "after he was already laying down on the ground, no longer evading or resisting the police and was physically surrounded by multiple police officers." (*Id.*) In Claims Two and Three, Plaintiff alleges claims for battery and negligence respectively, both of which are premised on the unreasonable and excessive force in Claim One. (*See id.* at ¶¶ 22–36.)

Defendants move to dismiss Claim One, arguing the video footage in Exhibits A and B show Plaintiff's "excessive force allegations are meritless." (ECF No. 5 at 7.) Defendants also

6

move to dismiss Claims Two and Three, arguing that "[c]laims of excessive force under California law are analyzed under the same standard of objective reasonableness used in Fourth Amendment claims." (*Id.* at 13.)

As noted previously, the Court declines to judicially notice or incorporate by reference Exhibits A and B. Because Defendants' arguments are premised on judicial notice of the body-worn camera footage, the Court declines to consider them at this stage. Accordingly, Defendants' Motion to Dismiss Claims One, Two, and Three is DENIED.

### C. Claim Four

Defendants move to dismiss Claim Four, arguing Plaintiff fails to allege facts that demonstrate Defendants intended to violate Plaintiff's Fourth Amendment rights.[1] (ECF No. 5 at 13 (citing *Losee v. City of Chico*, 738 F. App'x 398 (9th Cir. 2018).) In opposition, Plaintiff asserts Defendants "displayed reckless disregard for Plaintiff's constitutional rights by surrounding [him] and striking him" while the K-9 continued to bite his leg for approximately two minutes. (ECF No. 7 at 11.) Additionally, Plaintiff maintains Defendants "clearly displayed a reckless disregard" for Plaintiff's constitutional rights when they dragged him to the street and beat him until he lost consciousness in order to get his name. (*Id.*)

The Bane Act creates a private cause of action against anyone who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by an individual or individuals of rights secured by the Constitution or laws of the United States, or laws and rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1. A plaintiff bringing a claim pursuant to the Bane Act "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1080 (E.D. Cal. 2018) (quoting *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), *as modified on denial of reh'g* (Mar. 6, 2015).).

---

[1] Defendants note that they "seek summary adjudication" with respect to Plaintiff's Bane Act claim (*see* ECF No. 5 at 13), but as their motion is brought as a motion to dismiss, the Court construes Defendants' argument as seeking to dismiss this claim.

"[T]he egregiousness required by [§] 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure, not by whether the evidence shows something beyond the coercion 'inherent' in the wrongful detention." *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 801–02 (2017), *as modified* (Nov. 16, 2017).

The Ninth Circuit has found that the Bane Act "does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged," and also "requires 'a specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" *Reese v. Cty. of Sacramento (Reese I)*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell*, 17 Cal. App. 5th at 799–801). However, "a mere intention to use force . . . is insufficient" and the defendants must have "intended not only the force, but its unreasonableness, [and] its character as 'more than necessary under the circumstances.'" *United States v. Reese (Reese II)*, 2 F.3d 870, 885 (9th Cir. 1993). The Ninth Circuit has clarified that a specific intent to violate a person's constitutional rights does not require the defendant to be "thinking in constitutional or legal terms" and may be established by showing the defendant acted with reckless disregard for the person's rights. *Id*. (emphasis omitted).

Here, Plaintiff alleges he "was laying on the ground, writhing in pain, no longer evading the police, and being bitten by the K-9, [when] Defendants surrounded [him], struck him several times and allowed the K-9 to bite [him] for approximately two minutes. (ECF No. 4 at ¶ 13.) Plaintiff further alleges he was dragged "to the street and beat . . . in order to get him to tell them his name until he lost consciousness." (*Id*. at ¶ 14.) "Plaintiff reasonably believed that if he exercised his right to be free from the unlawful excessive force upon his person, that . . . Defendants would commit violence against him." (*Id.* at ¶ 38.) Based on these factual allegations, it is plausible that Defendants intentionally interfered with Plaintiff's constitutional right to be free from unreasonable seizure and that Defendants' actions were objectively unreasonable and "more than necessary under the circumstances." *Reese II*, 2 F.3d at 885. While there is no indication Defendants specifically intended to violate Plaintiff's constitutional rights, the Court finds the facts alleged adequately show Defendants "acted with reckless disregard"

towards Plaintiff's Fourth Amendment right to be free from unreasonable seizure. *Id*.

Based on the foregoing, the Court finds Plaintiff has sufficiently pleaded a Bane Act claim against Defendants, as the Court can "draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 680. Accordingly, Defendants' Motion to Dismiss Claim Four is DENIED.

D. City of Vallejo State Claims

Defendants argue all claims against City of Vallejo should be dismissed because none of the state law claims against the officers are viable and "the City therefore cannot be held liable for the acts or omissions of its employees." (ECF No. 5 at 15.) Plaintiff asserts the City of Vallejo can be held liable under California Government Code § 815.2 "for injuries proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment" and that his "state law claims are sufficient." (ECF No. 7 at 11.) As the Court has found that Plaintiff has sufficiently pleaded a Bane Act claim and has not conclusively determined whether Plaintiff's other state law claims are viable, Defendants' Motion to Dismiss all state law claims against City of Vallejo is DENIED.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendants' Motion to Dismiss (ECF No. 5) in its entirety. Defendants shall file an answer to the First Amended Complaint not later than thirty (30) days after the electronic filing date of this Order.

IT IS SO ORDERED.

DATED: June 29, 2021

Troy L. Nunley
United States District Judge