UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANZ, | No. 2:19-cv-2134 TLN DB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF VALLEJO, et al., | |
| Defendants, | |

On November 2, 2022, the assigned District Judge ordered the parties to appear before Magistrate Judge Carolyn K. Delaney for a settlement conference. (ECF No. 21.) Plaintiff, plaintiff's counsel, defendants, and defendants' counsel appeared before Magistrate Judge Delaney on January 25, 2023, for a settlement conference. (ECF No. 23.) Plaintiff, however, left before the settlement conference concluded without explanation. (Id.)

Accordingly, on January 27, 2023, Magistrate Judge Delaney issued plaintiff an order to show cause as to why plaintiff should not be sanctioned $500 for failing to fully participate in the settlement conference as ordered. (ECF No. 24.) Plaintiff did not respond in any manner to the court's January 27, 2023 order.

On April 3, 2023, Magistrate Judge Delaney issued an order ordering plaintiff to pay a sanction in the amount of $500 within 14 days. (ECF No. 25.) Plaintiff was cautioned that the failure to timely comply with that order could result in the dismissal of this action. (Id.) Yet

1

1 again, plaintiff failed to respond to the court's order.  Accordingly, on April 17, 2023, Magistrate
2 Judge Delaney issued yet another order, ordering plaintiff to pay the sanction within 30 days and
3 again warning plaintiff that failure to comply could result in dismissal.  (ECF No. 26.)
4 Nonetheless, the time provided plaintiff has expired and plaintiff has once again not responded to
5 the court's order.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiff has failed to respond to multiple orders of the court.  Plaintiff was warned that the failure to written response could result in the dismissal of this action.  Plaintiff nonetheless did not respond to the court's orders.  In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's

1  failure to prosecute the action in any way makes disposition on the merits an impossibility.  The
2  undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to
3  prosecute as well as plaintiff's failure to comply with the court's orders.  See Fed. R. Civ. P.
4  41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint filed October 22, 2019 (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 25, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/sanz2134.dlop.f&rs

3